# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| APRIL CRUZ-BREWER | |
|---|---|
| | Chapter: 7 |
| | Case No.: 5-19-bk-01012 RNO |
| CHARLES KAPISH t/a KAP'S CONSTRUCTION | Adversary No.: 5-19-ap-00078 RNO |
| Plaintiff(s) | Document No.: 8 |
| vs. | |
| APRIL CRUZ-BREWER | Nature of Proceeding: Defendant's Motion to Dismiss Plaintiff's Complaint |
| Defendant(s) | |

**OPINION**[1]

In this Adversary Proceeding, the Plaintiff/Creditor seeks to have his claim against the Debtor/Defendant found non-dischargeable. The Complaint is grounded upon two provisions of the Bankruptcy Code, each of which provide for non-dischargeability. The Debtor/Defendant's Motion to Dismiss will be granted, with leave to amend.

**I.  JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**II.  FACTS AND PROCEDURAL HISTORY**

April Cruz-Brewer ("Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on March 13, 2019, to Bankruptcy Case No. 5-19-bk-01012 RNO. Schedule D includes a disputed, secured claim in favor of Kap's Construction in the amount of $144,749.13.

---

[1] Drafted with the assistance of Timothy R. Powell, Esq., Law Clerk.

1

This Adversary Proceeding was commenced by a two-count Complaint filed on July 1, 2019 ("Complaint"). 5:19-ap-00078-RNO, ECF No. 1. The Plaintiff, Charles Kapish t/a Kap's Construction ("Creditor"), alleges that he holds a non-dischargeable claim against the Debtor.

It is largely undisputed that on or about June 17, 2011, the Debtor and her then husband, Erik B. Brewer ("Debtor's Husband"), entered into a Building Construction Agreement ("Contract") with the Creditor. The Contract provides that the Creditor would erect a new residence upon property owned by the Debtor and Debtor's Husband in Laceyville, Pennsylvania ("Residence"). The Contract indicates that the former structure was "destroyed by fire." 5:19-ap-00078-RNO, ECF No. 1, Ex. A, at 1.

The Complaint alleges that Bank of America, N.A. ("BOA") held a mortgage against the Residence and was named as a loss payee for the homeowners' insurance covering the Residence. The Complaint alleges that the Creditor worked on the Residence between June and September of 2011. 5:19-ap-00078-RNO, ECF No. 1, ¶ 9-10.

After most of the fire damage repairs were completed, the Residence was extensively damaged by flooding caused by a storm known as Hurricane Irene. 5:19-ap-00078-RNO, ECF No. 1, ¶ 12. It is alleged that the Debtor and Debtor's Husband hired the Creditor to repair the flood damaged portions of the Residence and to complete work on the fire damaged portion. 5:19-ap-00078-RNO, ECF No. 1, ¶ 13. The only written contract identified in the Complaint is the Contract dated June 17, 2011.

The gravamen of the Complaint alleges that BOA, after inspection, issued a check in the amount of $22,450.23 ("Fire Damage Check"). It is alleged that the Fire Damage Check was made payable to the Debtor, Debtor's Husband, and the Creditor. It is further alleged that BOA issued a check in the amount of $56,465.00 ("Flood Damage Check"). It is alleged that the Flood Damage Check was issued to the same payees. 5:19-ap-00078-RNO, ECF No. 1, ¶ 14-15.

The Complaint alleges that "the Brewers" instructed BOA to issue a stop payment on the Fire Damage Check. It is further alleged that BOA was directed to disburse the Flood Damage Check directly to the Debtor and Debtor's Husband. 5:19-ap-00078-RNO, ECF No. 1, ¶ 17.

The Complaint pleads that by stopping payment on the Fire Damage Check and by directing the reissuance of the Flood Damage Check to themselves, "the Brewers committed fraud, embezzlement, conversion and larceny." 5:19-ap-00078-RNO, ECF No. 1, ¶ 24.

The Complaint also pleads that the Brewers made false representations that they would pay the Creditor for his services. 5:19-ap-00078-RNO, ECF No. 1, ¶ 41(a). It is stipulated between the parties that the Debtor's Husband passed away on May 2, 2018. This was prior to the Debtor's Chapter 7 filing on March 13, 2019.

The Debtor moved to dismiss the Complaint on August 2, 2019 ("Motion"). 5:19-ap-00078-RNO, ECF No. 8. The Creditor filed his objection to the Motion on September 3, 2019. 5:19-ap-00078-RNO, ECF No. 10. Briefs were submitted in support of, and in opposition to, to the Motion. Oral argument on the Motion was held on November 13, 2019. The Motion is now ripe for decision.

### III. DISCUSSION

#### A. Standard to Decide a Motion to Dismiss

Generally, a complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), made applicable to adversary proceedings by Fed. R. Bankr. P. 7008. The Federal Rules of Civil Procedure establish a system of notice, rather than fact, pleadings. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 589-90, 127 S. Ct. 1955, 1985 (2007); *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

However, pleading certain matters requires more particularity. For example, allegations of fraud must be plead with particularity, stating the circumstances constituting fraud. Fed. R. Civ. P. 9(b), made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7009.

For the Complaint to survive the Motion, it must contain enough factual content to substantiate a reasonable inference that any claim the Creditor holds against the Debtor is non-dischargeable. To survive, a pleading must state a plausible claim that a defendant acted unlawfully. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires a showing of more than the mere *possibility* of a claim. Still, the showing of a *probable* claim is not required. Rather, the Creditor is required to plead enough facts to raise a reasonable expectation that discovery will reveal evidence to support relief. *Phillips*, 515 F.3d at 234; *In re Tronox, Inc.*, 429 B.R. 73, 90 (Bankr. S.D.N.Y. 2010); *In re Felt Mfg. Co., Inc.*, 371 B.R. 589, 606 (Bankr. D.N.H. 2007).

In considering the Motion, the Complaint's well-pled facts are accepted as true. There is no such assumption as to legal conclusions pled in the Complaint. In addition to the Complaint, at this stage, the Court may consider attached exhibits, as well as matters of public record. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Uni-Marts, LLC v. NRC Realty Advisors, LLC*, 426 B.R. 77, 82 (D. Del. 2010).

A court may take judicial notice of facts that are not reasonably subject to dispute. Fed. R. Evid. 201. A bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events and other matters which are not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, at *12 n.19 (Bankr. E.D. Pa. Jan. 11, 1991). Judicial notice is taken of the dockets in the Debtor's underlying Chapter 7, and in this Adversary Proceeding. Judicial notice is also taken of the contents of the bankruptcy schedules and statements, which are not reasonably in dispute.

B. **Dischargeability Generally Favored**

A primary purpose of the Bankruptcy Code is to allow a debtor a fresh start. A corollary to this purpose is that exceptions to discharge are strictly construed against creditors and liberally

4

Case 5:19-ap-00078-RNO    Doc 15    Filed 11/26/19    Entered 11/26/19 16:07:48    Desc
Main Document      Page 4 of 12

construed in favor of debtors. *In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995); *In re Gotwald*, 488 B.R. 854, 865 (Bankr. E.D. Pa. 2013); *Customers Bank v. Osadchuk*, 2018 WL 4562403, at *2 (D.N.J. Sept. 24, 2018).

C. **Steps to Prove a Non-Dischargeable Claim**

A bankruptcy court engages in a multi-step inquiry in considering a non-dischargeability action. First, has the Creditor pled an enforceable obligation against the Debtor under state law? If an enforceable debt has been shown, is it non-dischargeable under 11 U.S.C. § 523(a)(4)[2] as alleged in Count I of the Complaint? Further, is any enforceable claim non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code as alleged in Count II? *Black v. Gigliotti*, 514 B.R. 439, 444 (E.D. Pa. 2014); *In re August*, 448 B.R. 331, 346 (Bankr. E.D. Pa. 2011).

To determine whether an enforceable claim has been pled, a bankruptcy court looks to state law. *Grogan v. Garner*, 498 U.S. 279, 282-84, 111 S. Ct. 654, 657-58 (1991), *In re Hazelton*, 304 B.R. 145, 150 (Bankr. M.D. Pa. 2003). Determination of whether an enforceable claim is non-dischargeable is a question of federal law governed by the provisions of the Bankruptcy Code. *Grogan*, 498 U.S. at 284; *In re Pulvermacher*, 567 B.R. 881, 886 (Bankr. W.D. Wis. 2017); *In re Guest*, 193 B.R. 745, 747 (Bankr. E.D. Pa. 1996).

D. **An Enforceable Claim Exists**

Attached as Exhibit C to the Complaint is a final judgment in favor of the Creditor against the Debtor and Debtor's Husband. The judgment, in the amount of $78,921.00, was entered by the Court of Common Pleas of Wyoming County on November 21, 2016 ("Claim").

Under the Constitution's Full Faith and Credit Clause, a final state court judgment qualifies for recognition throughout the states of the United States. *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 231-32, 118 S. Ct. 657, 663-64 (1998). Final state court judgments

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C.§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

5

are generally entitled to full faith and credit in federal courts. 28 U.S.C. § 1738; *In re Tulloch*, 373 B.R. 370, 382 (Bankr. D.N.J. 2007) (absent an overriding precept, a state court judgment is given the same effect in bankruptcy court as it would be given in the jurisdiction which issued the judgment). Therefore, the state court judgment constitutes sufficient evidence that the Claim is an enforceable claim against the Debtor under state law. *In re First Actuarial Corp. of Illinois*, 182 B.R. 178, 182-83 (Bankr. W.D. Mich. 1995).

The finding that the Claim is enforceable has no preclusive effect with respect to the federal questions of whether the Claim is non-dischargeable.

### E. Claim of Non-Dischargeability Pursuant to § 523(a)(4)

Count I of the Complaint alleges that the Claim is non-dischargeable under § 523(a)(4) of the Bankruptcy Code. Section 523(a)(4) provides that a debt is non-dischargeable when it is for: (1) fraud or defalcation while acting in a fiduciary capacity; (2) embezzlement while acting in any capacity; or (3) larceny while acting in any capacity. *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273-76, 133 S. Ct. 1754, 1759-60 (2013); *In re Bocchino*, 794 F.3d 376, 382 (3d Cir. 2015); *In re Aiello*, 533 B.R. 489, 500 (Bankr. W.D. Pa. 2015).

Federal law governs the definition of the term "fiduciary" as used in § 523(a)(4). The requirement that the Debtor must have been acting in a fiduciary capacity is limited to technical or express trusts and not to trusts that may be imposed because of any wrongdoing which led to the Claim. In other words, a fiduciary exception to discharge cannot be based upon a constructive or implied trust; there must have been an explicit trust created before any wrongdoing from which the Claim arose. *In re Moran*, 413 B.R. 168, 185-86 (Bankr. D. Del. 2009).

For a fiduciary relationship to exist, money or property must have been entrusted to the Debtor before the alleged misconduct occurred. An express or technical trust must exist. Again, a constructive or other implied trust will not suffice. *In re Blaszak*, 397 F.3d 386, 391 (6th Cir.

6

2005); *In re Baillie*, 368 B.R. 458, 469 (Bankr. W.D. Pa. 2007). The Complaint does not allege the existence of any express trust between the Creditor and the Debtor. This is a missing required element for a finding of non-dischargeability under the fiduciary exception.

The Complaint does not allege that an express trust was funded, with the Debtor acting as a trustee, and owing a fiduciary responsibility to the Creditor. Rather, at most, the Complaint alleges that the Creditor and the Debtor were parties to a construction contract. To state a cause of action under the fiduciary exception, the Debtor must have trustee duties independent of any contract between the parties. The Debtor's duties as trustee must have been imposed before any claim of misappropriation. *In re Kaczynski*, 188 B.R. 770, 773 (Bankr. D.N.J. 1995).

The above leads to the conclusion that Count I fails to plead a plausible claim for non-dischargeability based upon the fiduciary exception in § 523(a)(4).

The Complaint also alleges non-dischargeability based upon embezzlement and larceny. Both embezzlement and larceny, as used in § 523(a)(4), are determined under federal common law. *In re Steele*, 2005 WL 281154, at *3 (Bankr. E.D. Pa. Jan. 28, 2005); *In re Jardula*, 122 B.R. 649, 653 (Bankr. E.D.N.Y. 1990). The main difference between larceny and embezzlement is that with embezzlement, the debtor initially acquires the property lawfully; larceny requires that the funds originally came into the debtor's hands unlawfully. *In re Tinkler*, 311 B.R. 869, 876 (Bankr. D. Colo. 2004). It is axiomatic that in order to plausibly plead a claim based upon either embezzlement or larceny, the Creditor must show that his property came into the hands of the Debtor. To plead embezzlement, the property, presumably the funds disbursed by BOA, would have originally come into the Debtor's hands lawfully. In the case of larceny, in the first instance, the funds would have come into her hands unlawfully.

In bankruptcy cases, property interests are generally determined under state law. *Butner v. U.S.*, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979); *In re Mann Realty Associates, Inc.*, 2019 WL

7

Case 5:19-ap-00078-RNO    Doc 15    Filed 11/26/19    Entered 11/26/19 16:07:48    Desc
Main Document    Page 7 of 12

5405371, at *4 (Bankr. M.D. Pa. Oct. 22, 2019); *In re GEM Refrigerator Co.*, 512 B.R. 194, 208 n.12 (Bankr. E.D. Pa. 2014).

The Complaint, taken as a whole, fails to allege that the funds received by the Debtor from BOA were the Creditor's property. Looking to Pennsylvania law, the burden of proof is on anyone who claims property in the possession of another to establish facts essential to the validity of his claim of ownership. *In re Carr's Estate*, 371 Pa. 520, 523-24, 92 A.2d 213, 216 (1952).

In Pennsylvania, possession of a chattel is deemed to be prima facie evidence of ownership. *Leitch v. Sanford Motor Truck Co.*, 279 Pa. 160, 163, 123 A. 658, 660 (Pa. 1924), *see also Justice v. Fabey*, 541 F. Supp. 1019, 1023 (E.D. Pa. 1982). It is acknowledged that monies may not be chattel in the literal sense of the word. However, under Pennsylvania law, identifiable funds are deemed chattel for purposes of conversion. *Pioneer Commercial Funding Corp. v. Am. Fin. Mortg. Corp.*, 579 Pa. 275, 290 n.21, 855 A.2d 818, 827 n.21 (Pa. 2004). Also, while money may be the subject of conversion, the failure to pay a debt is not conversion. *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 581 (Pa. Super. 2003).

The Complaint shows that the Debtor received funds from BOA, presumably either as loan or insurance proceeds. A plausible claim for non-dischargeability of the Claim based upon embezzlement has not been pled. *Compare In re Harland*, 235 B.R. 769 (Bankr. E.D. Pa. 1999) (ex-employer's claim non-dischargeable where debtor wrongfully misappropriated employer's trade secrets) *with In re Wada*, 210 B.R. 572 (B.A.P. 9th Cir. 1997) (claim against debtor/travel agent who failed to return customer's funds, after trip cancellation, non-dischargeable as embezzlement). Further, it is undisputable that one cannot embezzle her own property. *In re Schultz*, 46 B.R. 880, 890 (Bankr. D. Nev. 1985).

The Creditor's failure to plead an ownership interest in the funds disbursed by BOA is fatal to a claim of embezzlement or larceny. Proof of these acts requires showing the wrongful

8

Case 5:19-ap-00078-RNO    Doc 15    Filed 11/26/19    Entered 11/26/19 16:07:48    Desc
Main Document    Page 8 of 12

taking of another's property. No plausible claim for non-dischargeability based upon embezzlement or larceny has been pled.

### F. Non-Dischargeability Under § 523(a)(2)(A)

Count II of the Complaint alleges that the Creditor's claim should be determined non-dischargeable under § 523(a)(2)(A) of the Bankruptcy Code. This exception to discharge is sometimes referred to as the fraud exception. A claim is non-dischargeable under § 523(a)(2)(A) when a creditor proves each of the following: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deprive the creditor or induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and, (5) the creditor sustained a loss as a proximate result of the representation. *In re Griffith*, 2014 WL 4385743, at *3 (Bankr. M.D. Pa. Sept. 4, 2014); *In re Ritter*, 404 B.R. 811, 822 (Bankr. E.D. Pa. 2009).

It was previously noted that pleading fraud requires that the Complaint state with particularity the circumstances which constitute the fraud. Fed. R. Civ. P. 9(b). Where fraud is alleged, the complainant should accompany a pleading with a first paragraph of any news story – that is, the who, what, when, where, and how of the events at issue. *In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) (internal citations omitted). The heightened pleading standard for fraud allegations furthers three important purposes: (1) providing due notice to defendants; (2) providing increased protection from possibly defamatory statements; and, (3) decreasing the number of frivolous lawsuits. *In re Adalian*, 481 B.R. 290, 294 (Bankr. M.D. Pa. 2012); *see also In re Glunk*, 343 B.R. 754, 757 (Bankr. E.D. Pa. 2006).

At oral argument on the Motion, counsel for the Debtor argued:

> There's no allegation throughout the complaint that Mrs. Brewer [Debtor] specifically did anything. So I can't tell what allegations are against the debtor, and which allegations are against Mr. Brewer who is deceased, who is not in this case.

Trial Tr. 3:21-24, 5:19-ap-00078-RNO, ECF No. 14.

The Complaint is replete with allegations which sound against "the Brewers." 5:19-ap-00078-RNO, ECF No. 1, e.g., ¶¶ 17, 19-25. Mr. Brewer passed away more than one year before the Complaint was filed. Mr. Brewer is not and could not be a party to this action. The Complaint is insufficient to meet the specificity requirements of Rule 9(b) because it fails to plead the required "who." Presently, only representations made by the Debtor are germane. A complaint that merely states the elements of a claim under § 523, without making the necessary factual assertions, does not meet the heightened pleading requirement of Rule 9(b) and must be dismissed. *In re Ijbara*, 2015 WL 1636944, at *3 (Bankr. D.N.J. Apr. 10, 2015); *Am. Exp. Travel Related Services Co., Inc. v. Henein*, 257 B.R. 702, 707 (E.D.N.Y. 2001).

To be actionable under § 523(a)(2)(A), a representation must be one of existing fact and not merely an expression of opinion or expectation. *In re Dupree*, 336 B.R. 506, 517 (Bankr. M.D. Fla. 2005); *In re Schwartz & Meyers*, 130 B.R. 416, 423 (Bankr. S.D.N.Y. 1991). The false representation must falsely purport to depict then current or past acts. *In re Vernon*, 192 B.R. 165, 171 (Bankr. N.D. Ill. 1996). These cases demonstrate how important it is that the Creditor plead *when* any alleged misrepresentation was made by the Debtor.

Paragraph 41(A) of the Complaint alleges:

> (A)  <u>The Debtor made a false representation to Kapish and to the Bank and its agents and employees</u> – *viz*., that the Debtor and her husband would pay for the services that Kapish rendered pursuant to the Building Construction Contract attached to this Complaint as Exhibit "A" with respect to the fire damage reparation and pursuant to the Brewers' oral directions with respect to the work with respect to the flood damage reparation. The Brewers also made a false representations [sic] to the Bank and its agents and employees when they stated that Kapish received a double payment for his services;

The Creditor has failed to plead *when* any allegedly false representation was made by the Debtor. In failing to plead the timing of any misrepresentation the Debtor may have made to the Creditor, he fails to fairly apprise the Debtor of what charge she must defend against. Further, the Court cannot determine whether any misrepresentation was made before, or after, the Creditor

10

completed his work on the Residence. When pleading fraud, the alleged fraud must be stated with sufficient particularity, so the defendant is on notice as to the precise misconduct alleged. Therefore, the plaintiff must allege the date, time, and place of the alleged fraud or otherwise provide some measure of substantiation to the fraud allegation. *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (concerning common law fraud claim).

The Complaint's lack of precision leads to the inexorable conclusion that no plausible claim for non-dischargeability under § 523(a)(2)(A) has been pled.

## IV. CONCLUSION

Based upon the above, the Motion will be granted and Counts I and II of the Complaint will be dismissed for failure to state claims upon which relief can be granted.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely given when justice so requires. The Rule is made applicable to this Adversary Proceeding by Fed. R. Bankr. P. 7015.

Leave to amend a complaint may be denied when amendment would be futile. Futility means that the complaint, as amended, would still fail to state a claim upon which relief could be granted and, thus, would not be able to withstand a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434-35 (3d Cir. 1997); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413-14 (3d Cir. 1993); *In re Mortg. Lenders Network, USA, Inc.*, 395 B.R. 871, 879 (Bankr. D. Del. 2008).

This is the original Complaint. A conclusion of futility cannot be made at this time. The Creditor will be granted leave of twenty-one days to file an amended complaint as to Counts I and II.

By the Court,

Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

November 26, 2019